UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

SAMMY DYER,                        )
                                   )
            Petitioner,            )        Civil Action No. 10-122-HRW
                                   )
v.                                 )
                                   )
J. C. HOLLAND,                     )        **MEMORANDUM OPINION**
                                   )            **AND ORDER**
            Respondent.            )

**** **** **** ****

Sammy Dyer is an inmate incarcerated at the Federal Correctional Institution

in Ashland, Kentucky. Dyer has filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. [R. 3] Having reviewed the

petition[1], the Court must deny relief because Dyer's claims are not cognizable in a

petition for a writ of habeas corpus pursuant to Section 2241.

In his petition, Dyer indicates that on March 6, 1997, he was convicted of

conspiracy to distribute and possession with intent to distribute cocaine, cocaine base,

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

and marijuana, and was subsequently sentenced to 360 months in prison to be followed by a ten-year term of supervised release. Dyer's conviction and sentence were affirmed on direct appeal. *United States v. Dyer*, No. 97-1748, 1999 WL 115495 (6th Cir. Feb. 9, 1999).

Dyer indicates that in arriving at this sentence, the trial court applied a "career offender" enhancement pursuant to 18 U.S.C. § 3599(c) because he had two prior convictions for a serious violent felony or a serious drug offense. Dyer states that on May 21, 1980, he was convicted by the State of Michigan of delivery of a controlled substance, and on September 5, 1995, he was convicted by the State of Michigan of conspiracy to possess with intent to deliver, and possession of a firearm. Dyer contends the prior state conviction involved only 23 grams of cocaine base, less than the 50 grams of cocaine base required to qualify as a violation of 21 U.S.C. § 841(b)(1)(A)(iii), and that he may challenge the use of a prior conviction as a career sentencing enhancement in a Section 2241 petition pursuant to the Eleventh Circuit's recent decision in *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010).

As a threshold matter, Dyer's challenge to his sentence may not be pursued in this habeas proceeding under Section 2241. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials

which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in Section 2255(e) permits a prisoner to challenge the legality of his conviction through a Section 2241 petition only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Dyer's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence.");

*Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."). This Court has applied this rule to challenges to sentencing enhancements, an approach approved by the Sixth Circuit. *Cf. Johnson v. Cauley*, No. 09-52-HRW (E.D.Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241).

Dyer indicates, however, that the Eleventh Circuit has recently held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a habeas corpus petition under Section 2241. In *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), the Eleventh Circuit found that "[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided", *id.* at 1165, and concluded that a petitioner may utilize Section 2241 to assert that "he is innocent of the statutory 'offence' of being a career offender." *Id.* at 1166.

The *Gilbert* decision does not assist Dyer. First, the Eleventh Circuit has granted the government's petition for rehearing by the Eleventh Circuit sitting as a whole, and the original panel opinion has been vacated. *Gilbert v. United States*, 625

F.3d 716 (11th Cir. 2010).  Accordingly, the *Gilbert* decision cited by Dyer is not binding upon courts sitting in the Eleventh Circuit, and has no precedential value. *Rodriguez v. Wells*, No. CV310-095, 2010 WL 5558907, at *1 (S.D. Ga. Dec. 7, 2010) (panel opinion in *Gilbert* is without precedential value, and does not authorize challenge to sentencing enhancement under Section 2241).

Second, even if this were not so, the Court would reject the holding of *Gilbert* as contrary to binding Sixth Circuit precedent, and its rationale as infirm.  Many factors other than "career offender" status - such as prior criminal history, victim impact, obstruction of justice, and refusal to accept responsibility - may increase a criminal defendant's sentence, but the mere lengthening of a prison term does not transform each such factor into an independent "offense" subject to collateral review in habeas under traditionally-defined circumstances.  *Cf. United States v. Kenney*, No. 01-4318, 2010 WL 3279172, at *2 n.2 (3d Cir. Aug. 20, 2010) (*Gilbert*'s conclusion that a sentencing enhancement for being a career offender, which need only be established to the trial judge by a preponderance of the evidence, constitutes "essentially a separate offense" is contrary to rule that each separate offense must be proved to a jury beyond a reasonable doubt, as is the case with enhancements from non-capital to capital sentences); *Darden v. Stephens*, No. 5:09-HC-2152-FL, 2010 WL 3732174, at *2 (E.D.N.C. Sept. 20, 2010) (declining to apply *Gilbert* as contrary to controlling Fourth Circuit authority in *Poole* and for the grounds set forth in

*Kenney*).

Third, *Gilbert* did not purport to waive the requirement that the petitioner point to a Supreme Court case decided after his conviction became final which demonstrated that he was not a "career offender." In *Gilbert*, the petitioner pointed to *Begay v. United States*, 553 U.S. 137 (2008) to establish that his prior state conviction for carrying a concealed weapon did not constitute a predicate "violent offense." In *Begay*, the Supreme Court held that only convictions for crimes that are "roughly similar, in kind as well as in degree of risk posed, to the examples [in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)]" constitute prior "violent felonies" which may be used to enhance a sentence under the ACCA. *Id*. at 142. The Eleventh Circuit had previously held that, under the *Begay* analysis, carrying a concealed firearm was not a "violent felony" which could serve as a predicate offense for a career offender enhancement. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). *Begay* does not similarly assist Dyer, who was convicted of state drug charges, not prior "violent felonies." Nor does the analytical framework set forth in *Begay*, which requires a comparison of the state offense, "in kind as well as in degree of risk posed" to the enumerated offenses, have any bearing upon Dyer's claim, which simply asserts that the trial court erred in concluding that the drug quantity at issue in his prior state offenses involved 50 or more grams of cocaine base as expressly required by the federal statute.

Finally, even were the Court to reach Dyer's claim on the merits, it proceeds from an erroneous factual premise. Dyer contends that the sentencing court erred by applying the career offender enhancement under Section 3559(c) to him. The statute states:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony *shall be sentenced to life imprisonment* if --
>
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--
>
> > (I) 2 or more serious violent felonies; or
> >
> > (ii) one or more serious violent felonies and one or more serious drug offenses; ...

18 U.S.C. § 3559(c)(1) (emphasis added). The statute defines a "serious drug offense" as:

> (I) an offense that is punishable under [21 U.S.C. § 841(b)(1)(A), 848] or [21 U.S.C. § 960(b)(1)(A)]; or
>
> (ii) an offense under State law that, had the offense been prosecuted in a court of the United States, would have been punishable under [21 U.S.C. § 841(b)(1)(A), 848] or [21 U.S.C. § 960(b)(1)(A)].

18 U.S.C. § 3559(c)(2)(H). A person convicted of possession with intent to manufacture or distribute 50 or more grams of cocaine base is subject to the enhanced penalties set forth in Section 841(b)(1)(A). 21 U.S.C. § 841(b)(1)(A)(iii). Dyer contends that his prior Michigan conviction was for the possession of 23 grams of

cocaine base. Therefore, he continues, this offense would not have been punishable under 21 U.S.C. § 841(b)(1)(A), and hence did not qualify as a "serious drug offense" under Section 3559(c)(2)(H)(ii), rendering him ineligible for the career offender enhancement of Section 3559(c)(1).

It is apparent that Dyer's sentence was not enhanced under Section 3559(c). This section, if found applicable, results in an indeterminate "sentence[] to life imprisonment." Dyer was not sentenced to life imprisonment; he was sentenced to a determinate sentence of 30 years without possibility of parole. *United States v. Dyer*, No. 97-1748, 1999 WL 115495 (6th Cir. Feb. 9, 1999).[2] More likely is that Dyer's sentence was enhanced under the career offender provisions of the Sentencing Guidelines, which state:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Guidelines further define each of the operative terms:

> (a) The term "crime of violence" means any offense under federal or

---

[2] The Bureau of Prison's Inmate Locator database confirms that Dyer is not serving a life term, but instead currently has a projected release date of June 4, 2023. http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=08662-040.

state law, punishable by imprisonment for a term exceeding one year, that--

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

(b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c) The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2. Dyer's federal conviction for possession with intent to distribute

cocaine certainly qualified as a "controlled substance offense" under 4B1.2(b), and

although the specific nature of the offense conduct underlying his 1980 and 1995

Michigan convictions is not set forth in the record, Dyer's description of the offenses

is consistent with the definitions of a "crime of violence" and a "controlled substance

offense." Notably, the prior "controlled substance offense" defined in 4B1.2(b) contains no minimum drug quantity requirement, the sole basis for Dyer's objection to the use of his Michigan convictions as predicate offenses. The record before the Court is insufficient to conclusively determine this issue, which is unnecessary in light of its determination that the Court lacks jurisdiction to entertain Dyer's claims.

Accordingly, **IT IS ORDERED** that:

1.     Dyer's petition for a writ of habeas corpus, R. 1, is **DENIED.**

This January 19, 2011.

Signed By:

_Henry R Wilhoit Jr._

United States District Judge